# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

01 SEP -6  AM 10: 09



ETHAN ERWIN ROBERTS,

    Movant,

vs.                                                                                                               **CIVIL NO. 01-0404 BB/DJS**
                                                                                                            Criminal No. 98-991 BB

**UNITED STATES OF AMERICA,**

    Respondent.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

1. This is a proceeding on a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. §2255. Movant is incarcerated at the Federal Correctional Institution at Big Spring, Texas where he is serving a 112 month sentence as a result of his plea of guilty to conspiring to manufacture more than 100 grams of methamphetamine.

2. The files and records in this case indicate that Movant was arrested after the discovery of a methamphetamine laboratory being operated at his residence. This discovery linked Movant to

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

1



the offense to which he pled, even though he was not present at the time law enforcement authorities entered the premises. The conspiracy was alleged to have taken place between August 27, 1998 and November 27, 1998, the latter date being the date of the discovery of the operational laboratory. Movant was not arrested until March 23, 1998, however. His arrest coincided with the discovery of yet another methamphetamine laboratory at his residence. This discovery did not lead to a second indictment, but did form a part of the basis for the plea agreement between Movant and the United States. In addition to relieving Movant of the prospect of facing another indictment, the plea agreement required Movant to fulfill certain obligations, completion of which would trigger the filing of a motion for downward departure by the United States. After Mr. Roberts' plea of guilty the Probation Service submitted its report to the Court and parties, concluding in it that the appropriate guideline range was 151 to 188 months. At sentencing the United States moved for downward departure, which was granted. The sentencing Court arrived at an offense level of 25 instead of the 29 justified by Movant's criminal history. Thus, the sentencing range became 110 to 137 months. The sentence imposed upon Movant was 112 months.

3. Movant raises fourteen claims by which he seeks relief. These can be summarized as follows:

1) At sentencing the Court recommended that Movant participate in a drug treatment program while imprisoned. According to Movant, the Bureau of Prisons has not followed that recommendation and in failing to do so has denied him equal protection of the law.

2). Movant alleges that his sentence was enhanced because he possessed a firearm during the commission of the drug crime to which he pleaded. He asserts that his counsel's ineffectiveness and his own mental incapacity visited this enhancement upon him. Movant also contends that because his fellow conspirators did not suffer similarly he was denied

equal protection of the law.

3) In his third claim, Movant argues that a misapplication of the sentencing guidelines occurred in his case because an unreliable method was used to arrive at the amount of drug being produced by the first laboratory found at his home. According to Movant, this error would not have occurred if his counsel had performed adequately and if he himself had not been suffering from a mental incapacity. Movant contends that absent these factors he would have received a lower sentence because the amount of methamphetamine involved and reported to the Court would have been smaller.

4) In his fourth claim for relief, Movant essentially repeats his allegation from his first claim; that his counsel was ineffective because he failed to strive for his placement into the Bureau of Prisons rehabilitation program. To this assertion Movant adds that his counsel failed to find placement for him in a pre-trial treatment program, further evidencing ineffective assistance.

5) Movant assails the performance of his counsel in this claim because his attorney did not seek a downward departure based on §5K2.11 of the Sentencing Guidelines, "lesser harms". Movant asserts that he engaged in the manufacture of methamphetamine to satisfy his own addiction, rather than resorting to violent crimes to provide the funds necessary to buy the drugs he needed to satisfy that addiction.

6) Movant believes that he is entitled to relief because his counsel failed to obtain a downward departure based on his physical condition. Movant contends that this failure rendered counsel's performance constitutionally deficient, particularly when coupled with Movant's mental incapacity.

7) Next, Movant asserts that the sentence imposed was contrary to law because no downward departure was applied based on his mental incapacity. Movant contends that his counsel was ineffective for failing to achieve a further reduction in his sentence.

8) Movant's eighth claim for relief likewise pleads ineffective assistance of counsel coupled with Movant's mental incapacity. In this instance Movant asserts that the error is to be found in counsel's failure to achieve a downward departure based on Movant's assistance to authorities in thwarting an escape from the institution in which he was held awaiting trial. This assistance is translated by Movant into a right to a downward departure based on "extraordinary acceptance of responsibility".

9) By his ninth claim, Movant further asserts that because of his mental incapacity, the ineffectiveness of counsel and certain post-sentencing matters he was denied a greater downward departure than that he received and thus he must be re-sentenced.

10) In this claim, Movant alleges that his mental incapacity, coupled with the deficient performance of counsel, denied him the ability to present to the Court mitigating factors which presumably would have reduced his sentence.

11) Blaming his counsel and his mental incapacity, Movant seeks relief in the eleventh claim of the Petition by stating that the sentencing Court was not give all of the mitigating factors applicable to his sentence. He asserts those factors would have entitled him to a downward departure.

12) In his twelfth claim for relief Movant alleges that the numerous instances of ineffectiveness exhibited by his counsel, when taken to together, require the conclusion that he would have received a lesser sentence absent those failures.

4

13) Movant contends that the Court did not give an adequate explanation for imposing a sentence of 112 months. Therefore, Movant seeks remand so that an adequate statement can be given to him.

14) Finally, Movant asserts that relief from the sentence imposed may be available to him by reason of the holding in Apprendi v. New Jersey, 530 U.S. 466 (2000).

**DISCUSSION**

4. Movant is not entitled to relief on any of his claims.[2] There are several reasons for this conclusion, not the least of which is that his guilty plea has foreclosed the collateral attack that he has mounted. It has long been the law that a plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence. United States v. Broce, 488 U.S. 563, 569 (1989). Accordingly, when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary. If the answer is in the affirmative then the conviction and the plea, as a general rule, foreclose any collateral attack. Id.; Mabry v. Johnson, 467 U.S. 504 (1967). Movant does not challenge the voluntariness of his plea, nor can he assert that it was not counseled.[3] However, he attempts to avoid the pall cast by Broce on his claims by asserting that his counsel was ineffective. No amount of

---

[2] This result may be fortuitous. Were he to be successful, Movant faces the possibility of a life sentence if convicted after a trial. The offense of conviction mandates at least ten years of imprisonment, eight months more than the sentence imposed. Of course, in light of his possession of another, uncharged laboratory Movant's sentence exposure would be considerably higher.

[3] That Broce is dispositive is made clear by Movant's admission in claim twelve where he says "The Defendant in no way attacks the validity of the indictment or plea of guilt...."

5

circumlocution by Movant can overcome the simple fact that his attorney did him good service in representing him. Counsel was able to achieve, among other things, the government's agreement not to seek a second indictment, a motion on the part of the government for downward departure and, ultimately, a tremendous reduction in sentence.[4]

    5. Movant's ineffective of assistance of counsel claims must be evaluated in the light of the standard announced in Strickland v. Washington, 466 U.S. 668 (1984). This standard requires him to show that his counsel's representation fell below an objective standard of reasonableness and there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, Strickland, 466 U.S. at 687-688, 694. In the context of a guilty plea, Movant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985). Movant does not describe any act or omission by counsel which can be analyzed by the Court in light of Strickland and Hill. One must speculate where the errors of counsel are hidden in the record, since none are apparent. Although a *pro se* litigant's pleadings must be construed liberally, he is not relieved of the burden of alleging sufficient facts on which a recognized legal claim could be based. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991).

    6. The motion under consideration concerns itself with one overriding proposition. Movant is dissatisfied with sentence he received. Indeed, all of his claims save number twelve assail the length of his sentence in one way or another. Claim twelve, which alleges cumulative ineffective

---

[4]It is noteworthy that counsel was able to achieve the reduced sentence even though the plea agreement accepted by the Movant made clear that the government was to recommend a sentence of 180 months.

assistance of counsel, ultimately reaches the same complaint; the imposition of a longer, harsher sentence than Movant desired. These claims not only fail on their merits but are procedurally barred. Movant took no direct appeal of the sentence imposed, even though the sentencing Court advised him of his right to do so. 28 U.S.C. §2255 cannot be used to test the legality of matters that should have been raised on direct appeal. "The failure of a defendant to present an issue on direct appeal bars the defendant from raising such an issue in a §2255 motion to vacate sentence unless good cause is shown." United States v. Khan, 835 F.2d 749, 753-54 (10th Cir. 1987), cert. denied, 487 U. S. 1222 (1988); see also United States v. Gattas, 862 F.2d 1432, 1435 (10th Cir. 1988).

7. Thus, by failing to exercise his right to assert his challenges to the sentencing guidelines by means of a direct appeal, Movant is barred from raising those claims for the first time in his §2255 motion unless he can satisfy the "cause and prejudice test" announced in United States v. Frady, 456 U.S. 152 (1982). Movant must show both cause excusing the procedural default and actual prejudice resulting from the error. Id at 168. To establish cause, Movant must demonstrate some external impediment which prevented the claims from being raised. See Murray v. Carrier, 477 U.S. 478 (1986). Ignorance or inadvertence will not constitute cause, nor does failure to recognize the factual or legal basis for a claim. Id. at 486-87. Recognizing perhaps that his claims of ineffective counsel would not carry the day on the issue of cause, Movant has sprinkled his motion with numerous references to his "mental incapacity" at the time of his plea and sentence. However, that allegation will not suffice to excuse his procedural default.

8. During his plea hearing Movant described himself as educated person and answered questions asked of him clearly and directly. During the plea colloquy the following exchange occurred:

| | |
|---|---|
| The Court: | Within the last 24 hours, Mr. Roberts, have you taken any drug, medication or alcohol? |
| The Movant: | Medications. |
| The Court: | What kinds of medications are you taking? |
| The Movant: | There are several, but it's—I don't think any of them would disturb me to where I didn't know what I was doing or anything. |
| The Court: | You are able to reason and understand my questions? |
| The Movant: | Yes, Your Honor. |

Tr. 11-5-99 pp. 3-5

After making inquiry of defense counsel on the subject of competency, the Court found Movant to be competent to proceed with his decision to plead guilty. For the purposes of his motion Movant now has a different slant on his mental condition at the time of his plea, its negotiation and subsequent sentence. Such machinations have not escaped notice by the Courts. The admonition by the Supreme Court in Blackledge v. Allison, 431 U.S. 63 (1977) is appropriate here. "Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." Blackledge, 431 U.S. at 74. Movant's late blooming claim of mental incapacity is insufficient to serve as cause to escape the procedural bar erected by Movant's failure to raise the sentencing issues on direct appeal.

9. Movant suggests in Claim One that the Bureau of Prisons has in some way abused its discretion by failing to consider the sentencing court's recommendation of a drug treatment program that would benefit him by possibly allowing a one year sentence reduction. This claim does not recite whether or not Movant has completed such a program, which would be his first obstacle to obtaining the sentence reduction. In either event, completion of a drug treatment program would make no difference to the length of Movant's incarceration. Movant alleges that he, as a nonviolent

8

offender, must be afforded the opportunity to receive the benefits of 18 U.S.C. §3621, which created the aforementioned drug treatment program and the concomitant possibility of a sentence reduction. Some Courts of Appeal had concluded that 18 U.S.C. §3621(e)(2)(B) did not permit the Bureau of Prisons to categorically exclude nonviolent offenders from such treatment programs based on sentence enhancements. Ward v. Booker, 202 F.3d 1249, 1256-1257 (10th Cir. 2000); Kilpatrick v. Houston, 197 F.3d 1134, 1135 (11th Cir. 1999). Movant was in such a category, having had his sentence enhanced by two levels as a result his possession of a firearm during the commission of a drug offense.[5] However, in Lopez v. Davis, 531 U.S. 230 (2001), the Supreme Court made clear that Movant is entitled to no relief on the basis of the statute. The Court held that the Bureau of Prisons could categorically exclude prisoners from drug treatment programs based on their preconviction conduct. Lopez, 531 U.S. at 244. Under these circumstances, the sentencing Court is not obliged to re-sentence Movant, and remove the two level enhancement in order to allow him into a drug treatment program. Nor would it have the authority to do so pursuant to §2255, since the sentence imposed is not contrary to law, contrary to Movant's assertion.

10. Movant raises the possibility that he could benefit from the decision in Apprendi v. New Jersey, 530 U.S. 466 (2000) and asserts that his indictment did not specify the amount of drugs he was charged with conspiring to manufacture. In Apprendi, the Supreme Court held that, other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury proved beyond a reasonable doubt. However, in this

---

[5] It is clear that the enhancement was appropriate. The firearms were found at the site of the laboratory, and Movant admitted at his sentencing that they were in his bedroom and were there for his protection.

9

case <u>Apprendi</u> does not apply. Movant was sentenced to a term of one hundred twelve (112) months. The statutory maximum for the offense charged in the indictment to which he plead is one hundred twenty (120) months to life imprisonment pursuant to 21 U.S.C. §841 (a)(1)(A). Thus, Movant's sentence fails to exceed the statutory maximum and trigger <u>Apprendi</u>. In addition, contrary to Movant's assertion, the indictment in this case sets out the specific quantity of the drug involved. Because a guilty plea is an admission by Movant that he committed the crime charged against him, <u>North Carolina v. Alford</u>, 400 U.S. 25, 32 (1970), the allegations recited in the indictment, including the quantities of drugs involved, have been proven beyond a reasonable doubt. Therefore, <u>Apprendi</u> would offer Movant no relief even if his sentence had exceeded the statutory maximum.

**RECOMMENDED DISPOSITION:**

That the motion be denied and this matter dismissed with prejudice.

DON J. SVET
UNITED STATES MAGISTRATE JUDGE